UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN SIMMONS,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. 2:21-cv-01033 GGH P<br><br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

      Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

In his habeas petition, petitioner requests to have his state court action removed to this court pursuant to 28 U.S.C. § 1446. ECF No. 1 at 1. Petitioner does not state any grounds for relief. It is unclear whether petitioner seeks to bring a civil action, challenge an ongoing criminal proceeding from Lassen County Superior Court, or challenge a previous conviction from the Los Angeles Superior Court. Petitioner includes exhibits of state court orders from the Lassen County Superior Court concerning an ongoing criminal proceeding as well as the abstract from a separate conviction from the Los Angeles Superior Court. Id. at 4-13; 14-17.

A writ of habeas corpus is available under 28 U.S.C.§ 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Based on petitioner's bare allegations, the court cannot determine whether petitioner has properly brought a habeas action. Petitioner will be afforded an opportunity file an amended petition in order to correct these discrepancies and provide the court with more information on the specific allegations and which conviction, if any, he is seeking to challenge.

In its current form, the petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases.  Therefore, the petition is dismissed with leave to amend.  Rule 4, Rules Governing Section 2254 Cases.  In the amended petition, petitioner must set forth which conviction he is seeking to challenge, state each claim for relief and summarize the facts he alleges support each of the identified claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed;

////

    2. Petitioner's petition for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

    3. Any amended petition must bear the case number assigned to this action and the title "First Amended Petition"; and

    4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the court's form application for writ of habeas corpus.

Dated: July 21, 2021

                             /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.