1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MELVIN JOSEPH SIMMONS, | No.  2:21-cv-1033 AC P |
| 12          Petitioner, | |
| 13      v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| 14  PEOPLE OF THE STATE OF CALIFORNIA, | |
| 15 | |
| 16          Respondent. | |

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254.

19          The initial petition in this case, which was styled as a notice of removal, was filed on June

20  8, 2021, when petitioner was incarcerated at High Desert State Prison.  ECF No. 1.  The petition

21  was dismissed with leave to amend because it did not state any cognizable claims for relief and it

22  was unclear whether petitioner was seeking to bring a civil action, challenge an ongoing criminal

23  proceeding in the Lassen County Superior Court, or challenge a previous conviction from the Los

24  Angeles County Superior Court.  ECF No. 6.  Petitioner proceeded to file a document styled as

25  objections to the magistrate judge's findings and recommendations, though the grounds for

26  objection are unclear.  ECF No. 8.  He then filed first and second amended petitions.  ECF Nos. 9,

27  11.

28  ////

1

1    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

2    (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears

3    from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

4    court."  As set forth below, the petition is successive and therefore barred.

5    Though largely incomprehensible, the second amended complaint appears to challenge

6    petitioner's 1987 convictions for kidnapping, rape, attempted robbery, and assault with a deadly

7    weapon on a peace officer issued by the Los Angeles County Superior Court in case A917709.

8    ECF No. 11 at 2, 233.  Pursuant to 28 U.S.C § 2241(d), courts in both the district of conviction

9    and the district of confinement have concurrent jurisdiction over applications for habeas corpus

10   filed by state prisoners.  Since petitioner was incarcerated in within the boundaries of the Eastern

11   District of California when he initiated this petition, this court has jurisdiction.  However, the

12   district of conviction is typically favored for petitions challenging a petitioner's conviction

13   because all witnesses and evidence necessary for the resolution of the application are more

14   readily available in that district.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499

15   n.15 (1973).  While the court has the authority to transfer this matter to the Central District of

16   California, it declines to do so in this instance because the petition is clearly successive.

17   Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief

18   may not be filed in district court without prior authorization by the court of appeals.  Felker v.

19   Turpin, 518 U.S. 651, 657 (1996).  Prior authorization is a jurisdictional requisite.  Burton v.

20   Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)

21   (once district court has recognized a petition as second or successive pursuant to § 2244(b), it

22   lacks jurisdiction to consider the merits).  A petition is successive within the meaning of 28

23   U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal

24   court's previous resolution of a claim *on the merits*."  Gonzalez v. Crosby, 545 U.S. 524, 532

25   (2005) (emphasis in original).  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for

26   relief from a state court's judgment of conviction."  Id. at 530.  "Even if a petitioner can

27   demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive

28   petition], he must seek authorization from the court of appeals before filing his new petition with

2

1  the district court."  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C.

2  § 2244(b)(3)).

3        Review of the records for the United States District Court for the Central District of

4  California reveals that petitioner has previously filed an application for a writ of habeas corpus

5  attacking the conviction and sentence challenged in this case.  The previous application was

6  denied on the merits on July 14, 1999.  Simmons v. Hill, No. 2:96-cv-2174 TJH CW (C.D. Cal.),

7  ECF Nos. 29 (report and recommendation), 34 (order adopting report and recommendations), 35

8  (judgment).  This court takes judicial notice of the record in that proceeding.  See United States

9  ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)

10  (court "may take notice of proceedings in other courts, both within and without the federal

11  judicial system, if those proceedings have a direct relation to matters at issue." (citations

12  omitted)); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of

13  accurate determination by sources whose accuracy cannot reasonably be questioned).

14        Before petitioner can proceed on his claims, he must submit a request to the United States

15  Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider

16  the application and that request must be granted.  28 U.S.C. § 2244(b)(3).  Petitioner has not

17  provided any evidence that he has received the required authorization.  The undersigned will

18  therefore recommend that this action be dismissed without prejudice to re-filing once petitioner

19  receives authorization to proceed from the Ninth Circuit.

20        Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

21  assign a United States District Judge to this action.

22        IT IS FURTHER RECOMMENDED that this action be DISMISSED without prejudice as

23  second or successive.

24        These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

26  after being served with these findings and recommendations, petitioner may file written

27  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

28  Findings and Recommendations."  If petitioner files objections, he shall also address whether a

3

1 | certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C.

2 | § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may

3 | waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

4 | 1991).

5 | DATED: October 18, 2022

6 | _____
ALLISON CLAIRE

7 | UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28