UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, | No. 2:21-cv-01033 KJM AC P |
| Petitioner, | ORDER |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This court adopted the magistrate judge's findings and recommendations and dismissed the application without prejudice as a second or successive application. Prior Order (Jan. 17, 2023), ECF No. 16. Petitioner now seeks relief from judgment under Federal Rule of Civil Procedure 60(b). Mot. at 3, ECF No. 17.

    Federal Rule of Civil Procedure 60(b) governs relief from orders and judgments of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only

1  where [there are] extraordinary circumstances." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir.
2  2008). The moving party "must demonstrate both injury and circumstances beyond his control
3  . . . ." *Id*. Local Rule 230(j) also requires plaintiffs to show "what new or different facts or
4  circumstances are claimed to exist which did not exist or were not shown upon such prior motion,
5  or what other grounds exist for the motion." As the Ninth Circuit has observed, "a motion for
6  reconsideration should not be granted, absent highly unusual circumstances, unless the district
7  court is presented with newly discovered evidence, committed clear error, or if there is an
8  intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*
9  *& Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in omitted). Such a motion "may not be used
10 to raise arguments or present evidence for the first time when they could reasonably have been
11 raised earlier in the litigation." *Id.*

12  Although portions of petitioner's motion are difficult to comprehend, the court finds
13 petitioner does not present any newly discovered evidence, argue the court has committed clear
14 error or made an unjust decision or point out there was a change in controlling law. *See generally*
15 Mot. Instead, petitioner reasserts the facts of his case and claims. But "[a] party seeking
16 reconsideration must show more than a disagreement with the [c]ourt's decision, and
17 recapitulation of that which was already considered by the [c]ourt in rendering its decision."
18 *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citations
19 and quotations omitted).

20  The court **denies the motion for reconsideration.**
21  This order resolves ECF No. 18.
22  IT IS SO ORDERED.
23  DATED: April 10, 2023.

CHIEF UNITED STATES DISTRICT JUDGE